**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| Kalani Lautele, | Case No: |
| Plaintiff, | |
| v. | |
| HawaiiUSA Federal Credit Union, Guardian Capital Management Hawaii, LLC, Equifax Information Services, LLC and Experian Information Solutions, Inc., | **COMPLAINT** |
| | JURY TRIAL DEMANDED |
| Defendants. | |

Plaintiff Kalani Lautele ("*Plaintiff*"), by and through her undersigned counsel, complains, states and alleges against HawaiiUSA Federal Credit Union ("*HawaiiUSA*"), Guardian Capital Management Hawaii, LLC ("*Guardian*") (HawaiiUSA and Guardian may be hereinafter collectively referred to as "*Furnisher Defendants*"), Equifax Information Services, LLC ("*Equifax*") and Experian Information Solutions, Inc. ("*Experian*") (Equifax and Experian may be hereinafter collectively referred to as *"CRA Defendants"*) (Furnisher Defendants and CRA Defendants may be hereinafter collectively referred to as "*Defendants*") as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Credit Reporting Act (the "*FCRA*"), 15 U.S.C. § 1681 *et seq.* and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692

1

PLAINTIFF'S COMPLAINT
CASE NO:

SANDERS LAW GROUP
333 Earle Ovington Blvd, Ste 402
Uniondale, NY 11553
Tel: (516) 203-7600

*et seq.,* (the "*FDCPA*").

2. This action seeks relief against CRA Defendants for reporting inaccurate and/or misleading information on Plaintiff's credit report in violation of § 1681e(b); and for CRA Defendants' failure to conduct a reasonable investigation into Plaintiff's disputes in violation of § 1681i(a).

3. This action seeks relief against Furnisher Defendants for violations of the Fair Credit Reporting Act under 15 U.S.C. § 1681s-2(b), for its failure to conduct a reasonable and/or good faith investigation into Plaintiff's notice of disputes and failing to delete, correct or block the inaccurate information.

4. This action also seeks relief against Guardian for violations of 15 U.S.C. § 1692e for false, unfair and deceptive practices in its attempts to collect a debt.

5. Plaintiff seeks an Order enjoining Defendants' injurious conduct and to recover, *inter alia*, statutory damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendants' erroneous reporting of inaccurate information in Plaintiff's consumer background reports.

6. As a result of Defendants' conduct in misreporting and failing to reasonably investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to: a decreased credit score; decreased credit worthiness and credit capacity; emotional and mental pain due to the anxiety and stress of the negative credit impact of the errors at issue despite taking steps to resolve it; the dissemination of this inaccurate reporting to third party prospective creditors..

7. Plaintiff seeks to recover monetary damages for Defendants' violations of the FCRA and to have an Order issued by this Court enjoining Defendants from persisting in their violative behaviors.

## JURISDICTION AND VENUE

8. Jurisdiction of the Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1681p, and 15 U.S.C. § 1692k(d).-

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

2

PLAINTIFF'S COMPLAINT
CASE NO:

SANDERS LAW GROUP
333 Earle Ovington Blvd, Ste 402
Uniondale, NY 11553
Tel: (516) 203-7600

## PARTIES

10. Plaintiff Kalani Lautele is an adult who is a citizen of the State of Washington residing in King County, Washington.

11. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692a(3).

12. Defendant HawaiiUSA is a deferral credit union and has a principal place of business located at 99-115 Aiea Heights Dr, Ste 114, Aiea, Hawaii, 96701-3913.

13. Defendant HawaiiUSA is a "furnisher of information" (hereinafter "*Furnisher*") as that term is defined by 15 U.S.C. § 1681s-2(b).

14. Defendant Guardian is a limited liability company and has a principal place of business located at 1164 Bishop Street, Suite 805, Honolulu, Hawaii 96813.

15. Defendant Guardian is a "furnisher of information" (hereinafter "*Furnisher*") as that term is defined by 15 U.S.C. § 1681s-2(b).

16. Defendant Guardian is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and regularly engages in the collection of or attempt to collect debts asserted to be owed by others.

17. Defendant Equifax is a Georgia limited liability company which has a principal place of business located at 1550 Peachtree Street, NW, Atlanta, GA 30309.

18. Defendant Equifax Information Services, LLC, is a subsidiary of Equifax, Inc. and qualifies as a consumer reporting agency (hereinafter "*CRA*"), as defined under 15 U.S.C. § 1681a(f), that regularly conducts business in this judicial district.

19. Defendant Equifax by contractual agreement, disseminates consumer background reports for remuneration to third parties.

20. Defendant Experian is an Ohio corporation which has a principal place of business located at 475 Anton Blvd., Costa Mesa, CA 9262.

21. Defendant Experian is a CRA as defined under 15 U.S.C. § 1681a(f), that regularly conducts business in this judicial district.

22. Defendant Experian by contractual agreement, disseminates consumer background reports for remuneration to third parties.

## SUBSTANTIVE ALLEGATIONS OF FCRA

23. Congress enacted § 1681 *et seq.* of Title 15 of the United States Code, § 1681(a)

3

PLAINTIFF'S COMPLAINT
CASE NO:

SANDERS LAW GROUP
333 Earle Ovington Blvd, Ste 402
Uniondale, NY 11553
Tel: (516) 203-7600

of which states as follows:

(1) The banking system is dependent upon fair *and accurate* credit reporting. *Inaccurate credit reports directly impair the efficiency of the banking system*, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

(2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.

(3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

(4) There is a *need to insure that consumer reporting agencies exercise their grave responsibilities with fairness*, impartiality, and a respect for the consumer's right to privacy.

(Emphases added).

24. FCRA mandates that CRAs adhere to the following duties: (i) to assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable policies procedures to maintain compliance with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a dispute by consumers and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

25. CRAs compile, maintain, and report information concerning the creditworthiness, credit-standing, credit capacity, character, and general reputation of consumers, including Plaintiff. That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, for the underwriting of insurance for consumers, and even housing.

26. Plaintiff has a legally protected interest in the Defendants fulfilling their duties under FCRA so that the credit information being furnished and reported by them is maintained fairly, with the maximum levels of confidentiality, accuracy, and relevancy.

27. Plaintiff's injury is particularized and actual and is directly traceable to Defendants' conduct. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

PLAINTIFF'S COMPLAINT
CASE NO:

SANDERS LAW GROUP
333 Earle Ovington Blvd, Ste 402
Uniondale, NY 11553
Tel: (516) 203-7600

**FACTUAL ALLEGATIONS**

28. Plaintiff's consumer credit reports with CRA Defendants are inaccurate insomuch Defendants are wrongly furnishing one of Plaintiff's accounts twice.

29. Plaintiff is aware of having a line of credit from the creditor, HawaiiUSA, which was opened on or around January 2018 ("Line of credit debt").

30. The Line of credit debt became delinquent over time and on a date better known by Defendants, was classified as a charge off with an outstanding balance of $14,529.

31. Plaintiff recently discovered that on or around February 2021, Guardian, acting either as purchaser or an agent for debt collection of the Line of credit debt, also furnished this $14,529 debt to Plaintiff's consumer credit report with CRA Defendants.

32. As a result, although there is only one Line of credit debt for $14,529, Plaintiff's credit reports with Equifax and Experian exhibit two such debts with combining for $29,058.

33. Furnisher Defendants are inflating Plaintiff's liabilities and negatively impacting his debt-to-income ratio by simultaneously furnishing the alleged debts.

34. Plaintiff, without confirming or denying the accuracy of the information on the individual account, can confirm that there is only one such debt.

35. As such, Defendants' reporting of this Line of credit debt twice is erroneous and inaccurate.

36. This double reporting by Defendants also worsens Plaintiff's credit score and credit worthiness because it creates two distinct delinquent and outstanding tradelines as opposed to just one.

37. To remedy the double reporting, in or around November 2023, Plaintiff caused a dispute letter to be sent via certified mail to CRA Defendants (the "*FCRA Dispute Letter*") requesting that the duplicate account be removed.

38. Based upon United States Postal Service tracking information, CRA Defendants received the FCRA Dispute Letter.

39. Upon information and belief, within five business days of receipt of the FCRA Dispute Letter, CRA Defendants forwarded the notice of dispute and all relevant information to Furnisher Defendants, as required by the FCRA.

40. Upon information and belief, Furnisher Defendants received the notice of dispute

5

PLAINTIFF'S COMPLAINT
CASE NO:

SANDERS LAW GROUP
333 Earle Ovington Blvd, Ste 402
Uniondale, NY 11553
Tel: (516) 203-7600

and all relevant information from CRA Defendants.

41. Following Defendants' thirty (30) day FCRA investigation period, Defendants continued to report the duplicate HawaiiUSA tradeline.

42. Upon information and belief, Defendants either failed to perform any investigation at all or performed an unreasonable investigation and erroneously verified the duplicate account.

43. Alternatively, and, upon information and belief, CRA Defendants failed to provide Furnisher Defendants with the notice of dispute and all relevant information.

44. Alternatively, and, upon information and belief, Furnisher Defendants provided CRA Defendants with the correct information and directives regarding the duplicate account and CRA Defendants failed to properly process or furnish this data to Plaintiff's credit report.

45. As such, CRA Defendants failed to practice reasonable procedures to assure maximum possible accuracy.

46. As a result of Defendants' conduct in misreporting and failing to reasonably investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to: a decreased credit score; decreased credit worthiness and credit capacity; wrongly inflated liabilities; emotional and mental pain due to the anxiety and stress of the negative credit impact of the errors at issue despite taking steps to resolve it; lost time and effort; the dissemination of this inaccurate reporting to third party prospective creditors.

## COUNT I
### CRA Defendants' Violations of the FCRA, 15 U.S.C. § 1681e(b).

47. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated at length herein below.

48. CRA Defendants systemically violated 15 U.S.C. § 1681e(b) by failing to adhere to, maintain and/or establish reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files it published and maintained concerning Plaintiff.

49. Upon receipt of Plaintiff's disputes, CRA Defendants were legally required to: (i) conduct a reasonable investigation or re-investigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation.

50. At a minimum, CRAs are required to mark the status of the tradeline/account as

6

PLAINTIFF'S COMPLAINT
CASE NO:

SANDERS LAW GROUP
333 Earle Ovington Blvd, Ste 402
Uniondale, NY 11553
Tel: (516) 203-7600

disputed on the consumer's background reports but Equifax and Experian failed to do so.

51. Upon information and belief, CRA Defendants' conduct in the instant matter is representative of their normal policies and procedures (or lack thereof) for maintaining accurate credit reporting.

52. In violation of §§ 1681e(b) and 1681(i), CRA Defendants failed to follow reasonable procedures to assure maximum possible accuracy of the information attributable to Plaintiff, by reporting inaccurate information in Plaintiff's consumer background report.

53. Plaintiff disputed the inaccurate information and CRA Defendants knowingly or intentionally failed to perform a reasonable investigation to remove the inaccurate information.

54. Plaintiff disputed the inaccurate information and CRA Defendants recklessly failed to perform a reasonable investigation to remove the inaccurate information.

55. Alternatively, Plaintiff disputed the inaccurate information and CRA Defendants negligently failed to perform a reasonable investigation to remove the inaccurate information.

56. As a result of CRA Defendants' violations of 15 U.S.C. § 1681, Plaintiff suffered actual damages which have been further described in the above statement of facts.

57. In violation of § 1681o and § 1681n, CRA Defendants' conduct was a direct and proximate cause of Plaintiff's injury.

58. CRA Defendants are liable to Plaintiff for their negligent and willful failures to follow reasonable policies and procedures.

59. As a result of CRA Defendants' violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

60. For the foregoing reasons, CRA Defendants violated 15 U.S.C. § 1681e(b) and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorneys' fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT II
### CRA Defendants' Violations of the FCRA, 15 U.S.C. § 1681i *et seq.*

61. Plaintiff repeats and realleges the foregoing paragraphs as if same were fully restated herein below.

62. CRA Defendants violated 15 U.S.C. § 1681i(a)(1) by failing to conduct reasonable reinvestigations to determine whether the disputed information was accurate and record the current

7

PLAINTIFF'S COMPLAINT
CASE NO:

SANDERS LAW GROUP
333 Earle Ovington Blvd, Ste 402
Uniondale, NY 11553
Tel: (516) 203-7600

status of the disputed information or delete the item from Plaintiff's credit report.

63. CRA Defendants violated 15 U.S.C. § 1681i(a)(1) by relying upon only a cursory review of basic information and deferring entirely upon Furnisher Defendants and merely parroting information received from the furnisher.

64. CRA Defendants violated 15 U.S.C. § 1681i(a)(2)(A) by failing to provide Furnisher Defendants all of the relevant information regarding Plaintiff and his dispute.

65. CRA Defendants violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff regarding the dispute.

66. CRA Defendants violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate information from Plaintiff's credit file or correct the inaccurate information upon reinvestigation.

67. Upon information and belief, CRA Defendants never contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's dispute.

68. Upon information and belief, CRA Defendants never: (i) contacted any third parties that would have relevant information concerning Plaintiff's dispute; (ii) forwarded any relevant information concerning Plaintiff's dispute to Furnisher Defendants; or (iii) requested or obtained any other relevant documents from Furnisher Defendants. As such, there is no evidence of a reasonable investigation being conducted.

69. As a result of CRA Defendants' violations of 15 U.S.C. § 1681, Plaintiff suffered actual damages which have been further described above in the statement of facts.

70. CRA Defendants' violations were willful because they had knowledge of the issue after receiving a detailed dispute letter and/or exhibited a reckless disregard for the information provided in that dispute, rendering CRA Defendant individually liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

71. In the alternative, CRA Defendants were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

72. For the foregoing reasons, CRA Defendants violated 15 U.S.C. § 1681i and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorneys' fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

8

PLAINTIFF'S COMPLAINT
CASE NO:

SANDERS LAW GROUP
333 Earle Ovington Blvd, Ste 402
Uniondale, NY 11553
Tel: (516) 203-7600

# COUNT III
### Furnisher Defendants' Violations of the FCRA, 15 U.S.C. § 1681s-2(b)

73. Plaintiff repeats and realleges the foregoing paragraphs as if same were fully restated herein below.

74. At all times pertinent hereto, Furnisher Defendant is a "person" as that term is defined by 15 U.S.C. § 168la(b) and a "furnisher of information" to the credit reporting agencies.

75. Furnisher Defendants have a duty to provide accurate information to consumer reporting agencies, and to correct inaccurate information after receiving notice of a credit dispute directly from a consumer. *See* 15 U.S.C. § 1681s-2(a).

76. Furnisher Defendants have an obligation under 15 U.S.C. § 1681s-2(b) to investigate a dispute after receiving notice of the disputed item from a consumer reporting agency.

77. FCRA requires furnishers, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

78. On each occasion referenced in the above statement of facts where a dispute was sent to CRA Defendants, upon information and belief, CRA Defendants provided Furnisher Defendants the notice of dispute and all relevant information regarding the disputes.

79. Upon information and belief, on each occasion referenced in the above statement of facts where a dispute was sent to CRA Defendants, Furnisher Defendants received the notice of dispute and all relevant information regarding the disputes.

80. Upon information and belief, Furnisher Defendants violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully, reasonably and in good faith investigate Plaintiff's disputes.

81. Furnisher Defendants failed to correct or remove the inaccurate information from the accounts and credit reports and report those results to all other credit reporting agencies to which the furnishers have provided the inaccurate information.

82. Upon information and belief, Furnisher Defendants' conduct in the instant matter is representative of their normal policies and procedures in responding to disputes by providing only a cursory review of basic information and failing to investigate any further or failing to

PLAINTIFF'S COMPLAINT
CASE NO:

SANDERS LAW GROUP
333 Earle Ovington Blvd, Ste 402
Uniondale, NY 11553
Tel: (516) 203-7600

investigate and remediate any errors entirely.

83. Furnisher Defendants violated § 1681s-2(b) by willfully failing to fully, properly and reasonably conduct investigations of the inaccurate information that Plaintiff disputed.

84. Furnisher Defendants violated § 1681s-2(b) by willfully failing to review all relevant information concerning Plaintiff's accounts as provided.

85. Furnisher Defendants violated § 1681s-2(b) by willfully failing to report the results of their investigations of the inaccurate information to all credit reporting agencies.

86. Furnisher Defendants violated § 1681s-2(b) by willfully failing to modify or delete incomplete or inaccurate information or information they cannot verify in Plaintiff's file after conducting their investigations.

87. Furnisher Defendants violated § 1681s-2(b) by willfully failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to credit reporting agencies.

88. Furnisher Defendants violated § 1681s-2(b) by willfully failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

89. Furnisher Defendants' conduct was willful in that they had direct knowledge that the information they were reporting was inaccurate and/or misleading, and despite receipt of valid FCRA dispute notice from the consumer reporting agencies, continued to report the tradelines inaccurately.

90. Alternatively, Furnisher Defendants exhibited a reckless disregard and unjustifiably high risk to Plaintiff when they received the FCRA dispute and failed to conduct reasonable investigations and failed to correct the duplicate credit reporting.

91. Furnisher Defendants violated § 1681s-2(b) by negligently failing to review all relevant information concerning Plaintiff's accounts as provided.

92. Furnisher Defendants violated § 1681s-2(b) by negligently failing to report the results of their investigations of the inaccurate information to all credit reporting agencies.

93. Furnisher Defendants violated § 1681s-2(b) by negligently failing to modify or delete incomplete or inaccurate information or information they cannot verify in Plaintiff's file after conducting their investigations.

94. Furnisher Defendants violated § 1681s-2(b) by negligently failing to permanently

PLAINTIFF'S COMPLAINT
CASE NO:

SANDERS LAW GROUP
333 Earle Ovington Blvd, Ste 402
Uniondale, NY 11553
Tel: (516) 203-7600

block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to credit reporting agencies.

95. Furnisher Defendants violated § 1681s-2(b) by negligently failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

96. Further, Plaintiff suffered actual damages, further described in the above in statement of facts.

97. Furnisher Defendants are liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

98. Alternatively, Furnisher Defendants' conduct was negligent, failing to exercise reasonable care when they failed to conduct reasonable investigations, thereby entitling Plaintiff to recover under 15 U.S.C. § 1681o.

99. For the foregoing reasons, Furnisher Defendants violated 15 U.S.C. § 1681s-2(b) and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorneys' fees in an amount to be determined by the Court pursuant to § 1681n and § 1681o.

## COUNT IV
### Guardian's Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

100. Plaintiff repeats and realleges the foregoing paragraphs as if same were fully restated herein below.

101. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

102. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

103. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

104. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

105. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

11

PLAINTIFF'S COMPLAINT
CASE NO:

SANDERS LAW GROUP
333 Earle Ovington Blvd, Ste 402
Uniondale, NY 11553
Tel: (516) 203-7600

106. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

107. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

108. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a misleading representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

109. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

110. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

111. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive means used in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

112. A debt collector reporting an alleged debt to a consumer's credit report is a communication and an attempt to collect a debt.

113. When Guardian began reporting the Line of credit balance of $14,529 to Plaintiff's credit reports, despite it already being furnished under HawaiiUSA, they engaged in false, deceptive, and abusive collection practices.

114. Upon information and belief, Guardian was in possession of Plaintiff's consumer credit reports prior to furnishing the Line of credit debt and as such had notice that HawaiiUSA was already reporting the $14,529 balance.

115. Upon information and belief, Guardian received the FCRA dispute letter from CRA Defendants, giving it notice that they were double reporting the Line of Credit debt, although notice is not required to sustain this count under the FDCPA.

116. Despite the notice received, Guardian continued to report the alleged debts to Plaintiff's credit reports with CRA Defendants.

12

PLAINTIFF'S COMPLAINT  
CASE NO:

SANDERS LAW GROUP  
333 Earle Ovington Blvd, Ste 402  
Uniondale, NY 11553  
Tel: (516) 203-7600

117. Regardless of the FCRA dispute letter, upon information and belief, Guardian had actual and constructive notice of the double reporting.

118. Despite this notice, Guardian continued to furnish the alleged debts.

119. Receipt of this FCRA dispute letter provided Guardian sufficient cause to remove the alleged debts from Plaintiff's credit reports.

120. Despite receipt of the FCRA letter and its annexations, Guardian continued to willfully report the alleged Debt onto Plaintiff's credit reports, constituting a continued attempt to collect the alleged Debt.

121. Guardian's furnishing of the Line of Credit account concurrently with HawaiiUSA falsely inflated Plaintiff's liabilities and constitutes a false and deceptive representations made by debt collector in connection with their collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

122. Guardian's furnishing of the Line of Credit account concurrently with HawaiiUSA constituted an abusive representations attempt to collect a debt in violation of 15 U.S.C. § 1692e.

123. Guardian's furnishing duplicate tradelines were false and misleading representations of the character of the alleged debt made by a debt collector in connection with their collection of the alleged Debt, in violation of 15 U.S.C. § 1692e(A).

124. Guardian's furnishing of the duplicate tradelines were false and deceptive representations made by a debt collector in an attempt to collect the alleged Debt, in violation of 15 U.S.C. § 1692e(10).

125. For the foregoing reasons, Guardian violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

126. Plaintiff was damaged as a direct result of Guardian's FDCPA violations.

## JURY DEMAND

127. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court enter judgment against Defendants, as follows:

    a    Adjudging that Defendants' actions violated the FCRA;

13

PLAINTIFF'S COMPLAINT  
CASE NO:

SANDERS LAW GROUP  
333 Earle Ovington Blvd, Ste 402  
Uniondale, NY 11553  
Tel: (516) 203-7600

b   Adjudging that Guardian's actions violated the FDCPA;

c   Enjoining Defendants from persisting in violative behaviors and requiring Defendants to correct or otherwise delete the accounts at issue in Plaintiff's credit report;

d   Granting Plaintiff actual damages against Defendants pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

e   Granting Plaintiff statutory damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(1)(A);

f   Granting Plaintiff punitive damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(2);

g   Granting Plaintiff costs and reasonable attorneys' fees against the Defendants pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b);

h   Granting Plaintiff actual damages against Guardian pursuant to 15 U.S.C. § 1692k;

i   Granting Plaintiff statutory damages against Guardian pursuant to 15 U.S.C. § 1692k;

j   Granting Plaintiff attorneys' fees against Guardian pursuant to 15 U.S.C. § 1692k;

k   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

l   Such other and further relief as the Court determines is just and proper.

DATED: April 3, 2024

**SANDERS LAW GROUP**

By: */s/ Craig B. Sanders*
Craig B Sanders, Esq. (WSBA 46986)
333 Earle Ovington Boulevard, Suite 402
Uniondale, New York 11553
Email: csanders@sanderslaw.group
Office: (516) 203-7600
Fax: (516) 282-7878
*Attorneys for Plaintiff*
Our File No.: 129340

14
PLAINTIFF'S COMPLAINT
CASE NO:
SANDERS LAW GROUP
333 Earle Ovington Blvd, Ste 402
Uniondale, NY 11553
Tel: (516) 203-7600